## ED HERD v. THE STATE.

### No. 3716. Decided January 30, 1907.

**1.—Aggravated Assault—Private Residence—Gallery—Words and Phrases— Statutes Construed.**

Upon trial for an aggravated assault where the evidence showed that if an assault and battery was committed it was upon the gallery of the alleged private residence; and the information charged that defendant went into a private residence and there committed an assault and battery. Held, that an assault committed on the gallery of a private residence is within the purview of the statutes and that the word "into" and the word "in" are synonymous, and that residence means the entire house. Distinguishing Pederson v. State, 21 Texas Crim. Rep., 485.

**2.—Same—Charge Refused—Charge of Court.**

Where upon trial for aggravated assault the State's evidence showed that

defendant was the landlord of the party injured, and went to the latter's house to collect rent, which the said tenant refused to pay, and the parties met upon the gallery where defendant struck said tenant and the testimony for the defense showed that the tenant was the aggressor; and the court at the instance of defendant instructed the jury that defendant had a right to repel such attack and defend himself, there was no error in refusing a special charge submitting this issue in a different form, and the same was sufficiently submitted to sustain the verdict of conviction.

Appeal from the County Court of Johnson.    Tried below before the Hon. J. D. Goldsmith.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*W. E. Myers,* for appellant.—Cited art. 601, Penal Code; Maul v. State, 26 S. W. Rep., 199; Pederson v. State, 21 Texas Crim. App., 485.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault upon one W. J. Harris under an indictment charging that he went into the private residence of said Harris and there committed an assault and battery.    Harris stated that he was a renter of appellant, and that on the occasion of the trouble appellant came to his residence for the purpose of collecting rent; that at the time he was in the dining-room at supper; he went to the door and opened it and spoke to appellant.    Appellant told him that he wanted him to pay him the money due for the rent.    Harris refused on the ground that he did not have it, but would pay it on the 17th of the succeeding month.    Appellant told him that he had come for his money and was going to have it.    Harris told him that he could not pay it, and he states that appellant then struck him at the time they were on the gallery right close to the front door.    When appellant struck Harris he backed off and the witness heard something in his hand click like a pistol.    Appellant again demanded his money.    Harris then invited him into the room, and he says to prevent being shot.    Appellant did not strike Harris after entering the room, but kept his hands near his chest with something in them that resembled a pistol.    Harris went into the dining-room and picked up a chair, when his wife and Mrs. Noles caught hold of and stopped him, and told him to put down the chair or appellant would kill him.    Mrs. Harris and Mrs. Noles testified as to what occurred in the house as did the assaulted party.    Appellant proved that he did not have a pistol; that he left it at his barber-shop, he, himself, stating that he had a knife in his hand.    In regard to the transaction on the gallery, appellant testified that Harris was his tenant at the time, and he went on the occasion in question to collect his rent.    When he walked on the gallery and knocked at the door, a lady came and he informed the lady that he desired to see Mr. Harris.    She shut the door and notified Mr. Harris, who came

at once. Appellant said that he was on the gallery in front part of the house when Mr. Harris opened the door. After addressing each other Harris was informed by appellant of his purpose to collect the money due him for rent. Harris informed him that he did not have the money, but would pay him on the 17th of the succeeding month. Appellant says he then told Harris if he did not have the money to sign a note which appellant had previously prepared, and he would accept that until he could get the money. This made Harris angry, and he said, "If you had not acted such a damn son-of-a-bitch about the money I would have paid you long ago." Harris then grabbed appellant by the lapel of his coat and appellant caught him by the arms and shoved him away. Harris then invited appellant into the room, stating that he would get the money and pay the debt. When they entered the house Harris asked his wife where the money was and she stated that she did not know. Harris then grabbed a chair and started toward appellant, and his wife and Mrs. Noles caught him. When Harris picked up the chair appellant opened his knife and held it in his hands as means of protection against the threat with the chair. It is stated by all the witnesses no blow was struck in the house, and if there was an assault and battery committed by appellant it was upon the gallery.

Appellant's contention is that an assault on the gallery of a private residence does not meet the terms of the statute, which provides that an aggravated assault becomes such when the party making the assault and battery goes *into* the private residence. In other words, that being on the gallery was not *into* the private residence. We do not agree with the contention. The case of Pederson v. State, 21 Texas Crim. App., 485, cited by appellant, does not, in our opinion, bear the construction sought to be placed upon it by him. The court is there passing upon the sufficiency of the information which charged that the assault and battery was committed *at* the house of a private family. Upon exception, the court said this was not sufficient; that the statute required that the party who was guilty under this phase of the law should go into the house of a private family and commit the assault and battery, but the court further said: "It will be observed that the information does not charge that the assault was committed in the house, but at the house of Rierson. It might have been committed at the house, though outside of the house. To make it an aggravated assault the person committing it must have gone into the house and there committed it." It will be noted that the statute here under consideration does not use the term "house" but it uses the term "residence of a private family." In this statute the word "into" and the word "in" would be synonymous, and this seems to have been the view taken by the court in the Pederson case above cited. We are of opinion that the residence here in this connection means the entire house, and that an assault committed on the gallery of the private residence is within the purview of this statute.

Exception was reserved to the court permitting the evidence introduced of what occurred immediately upon entering the room between appellant and Harris. This was a part of the res gestæ and clearly admissible.

Appellant reserved exception also to the court refusing to give the following charge: "If you believe from the evidence that the defendant, Ed. Herd, went into the private residence of W. J. Harris for the purpose of interviewing the said W. J. Harris relative to some rents or to collect said rents belonging to said Herd, then as a matter of law, you are instructed that the defendant had the right to interview the said Harris as to same, and for said purpose had the right to go to the private residence of said W. J. Harris to collect said rents, and while there if the said Harris assaulted him, the defendant had the right to use necessary force to repel said assault." This was an appropriate charge under the facts, and it would have been error to refuse it, but the court, at the instance of appellant, gave the following, which we think sufficiently presented the matter: "If you believe from the evidence that before defendant struck one W. J. Harris, the said W. J. Harris made an assault upon the defendant Ed. Herd, then and in such event defendant had the right to stand his ground and was not bound to retreat, and defend himself against an unlawful attack of the prosecuting witness, W. J. Harris, or if you have a reasonable doubt as to the same, you will give the defendant the benefit of such doubt." This charge we think, as presented, sufficiently guarded appellant's rights in this connection.

There was an issue squarely made by the testimony for the State and appellant as to who was the attacking party, but the jury credited the State's testimony and we are not authorized to disturb their findings for this reason. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

### February 27, 1907

DAVIDSON, PRESIDING JUDGE.—On a previous day of this term the judgment was affirmed. It is again insisted, as on the original submission, that in order to constitute aggravated assault, the alleged ground that appellant went *into* the house of the assaulted party, that it is not sufficient to show that he went upon the gallery of the house and there committed the assault. The authorities in support of the motion, to wit: Ferguson v. State, 4 Texas Crim. App., 156; McGregor v. State, 4 Texas Crim. App., 599; McGee v. State, 5 Texas Crim. App., 492, and Kennedy v. State, 9 Texas Crim. App., 399, are not in point. Those cases are based upon a variance in the testimony, to wit: where the indictment charges one ground of aggravation, the proof shows another. That question, in our judgment, is not involved in this case. Here the only question involved on this phase

of it was whether or not going upon the gallery and making the assault was going into the house. We have reviewed this question at the earnest solicitation of counsel for appellant, and believe the conclusion reached in the former opinion is correct. We deem it unnecessary to discuss the remaining question, to wit: The requested instruction refused by the court. We are still of opinion that the charge given sufficiently covered this question, and practically covered the identical question. The motion for rehearing is overruled.

*Motion overruled.*